Morphy, J.
This action is brought to recover $1270 59, being the balance of an account current between the defendants and Leon Chabert, the plaintiff’s husband, on the ground that, in the latter’s dealings with them, he acted as her agent, and advanced them funds belonging to her. The defendants admit their indebtedness in the sum claimed ; but aver, that they owe it, not to the plaintiff, but to the creditors of her husband, who, since this balance was struck, has been declared a bankrupt. There was a judgment below in favor of the plaintiff, and the defendants have appealed.
The record shows that Chabert failed in 1840 ; that a separation of property was pronounced between him and his wife, in June, 1841. That, after the community of goods theretofore existing between them, had thus ceased, she constituted her husband her general agent for the management of her property, and the investment of her funds, and gave him, to that effect, the *398 most extensive powers. That in October, 1841, the plaintiff obtained from the Citizen’s Bank, the discount of a note of $2000, drawn by her to the order of, and endorsed by, F. Grima, and secured by mortgage on certain slaves belonging to her. That the net proceeds of this note were placed in the hands of the defendants by Chabert, for his wife’s account, to be used in speculating in negroes,-to be purchased in Carolina, and brought here for sale. That some time after, to wit, on the 10th of August, 1842, a balance was struck, showing $1276 61 to be due to Cha-bert, who subsequently became a bankrupt in the United States Court, and was discharged in July, 1843. Although the account current sued on is made out in the name of Chabert, the evidence satisfies us, that the defendants knew that the net proceeds of the note of $2000, which figure in it as received by him, were the property of his wife, and were placed in their hands for her account; and they accordingly promised, on various occasions before the institution of this suit, to pay the money to her as soon as they could. It is not pretended that the balance acknowledged by the defendants to be due on this account current was put down on Chabert’s schedule as a debt due to him, nor that his assignee has ever set up any claim to it, although due since August, 1842. Under these circumstances, we think with the Judge below, that the plaintiff should recover of the defendants this balance, as money placed in their hands for her account, by her husband and agent.

Judgment affirmed.